UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DOLORES HANRAHAN,

                                        MEMORANDUM AND ORDER

              Plaintiff,                    CV 08-2650

    -against-                            (Wexler, J.)

RIVERHEAD NURSING HOME, INC.,

              Defendant
---------------------------------------------------------X
APPEARANCES:

    LAW OFFICES OF ANTHONY C. DONOFRIO, PLLC
    BY: ANTHONY C. DONOFRIO, ESQ.
    Attorneys for Plaintiff
    5518 Merrick Road
    Massapequa, New York 11758

    JACKSON LEWIS LLP
    BY: ROGER H. BRITON, ESQ.
    Attorneys for Defendants
    58 South Service Road, Suite 410
    Melville, New York 11747

WEXLER, District Judge:

      In this action, Plaintiff Dolores Hanrahan ("Hanrahan" or "Plaintiff"), alleges employment discrimination on the basis of age, gender and disability in violation of Title VII of the Civil Rights Law, 42 U.S.C. §2000e-2 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), the Americans With Disabilities Act, 42 U.S.C. § 12101 (the "ADA"), and Section 296 of the New York State Executive Law (the "State Human Rights Law"). Named as Defendant is Plaintiff's former employer, Riverhead Nursing Home, Inc. ("Defendant" or the

1

"Nursing Home"). Presently before the court is the motion of Defendant, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss. For the reasons set forth below, the motion is granted.

## BACKGROUND

I. The Allegations of the Complaint

In light of the fact that this case is presented, at this juncture, as a motion to dismiss, the court accepts as true the facts set forth in Plaintiff's complaint.

Plaintiff is a 66 year old female who was employed as a registered nurse by the Defendant Nursing Home from July of 1995, until her termination on October 22, 2003. The complaint alleges both federal and state claims of discrimination based upon age, gender and disability. With respect to all claims, Plaintiff alleges disparate treatment, and a hostile working environment toward older women and those with disabilities. As to her claim of disability, Plaintiff alleges that she suffers from severe allergies and a heart condition, both of which the Nursing Home was aware. Hanrahan alleges that she was denied reasonable accommodations to which she was entitled under the ADA. The acts of discrimination of which Plaintiff complains occurred between the Spring of 2003, and her termination in October of that year.

II. Administrative and State Court Proceedings

As noted, Plaintiff was terminated from her position at the Nursing Home on October 22, 2003. On January 8, 2004, Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"). That complaint alleged that Defendant failed to accommodate Plaintiff's disabilities. Those disabilities were listed as a heart condition, allergies and a lumbar sprain.

On March 14, 2006, the NYSDHR made a finding of probable cause that Plaintiff was discriminated against on the basis of her disability. Specifically, it was determined that there was probable cause to believe that Plaintiff was denied accommodation, and terminated because of her disability. Plaintiff's claim was thereafter referred for a public hearing before an Administrative Law Judge ("ALJ"). The hearing was held on July 11, 12, 13, 17, 19 and 31, 2007. In an opinion dated November 27, 2007, the ALJ found that Plaintiff failed to establish unlawful discrimination, and issued a recommendation that there be a finding of no discrimination, or failure to accommodate Plaintiff's disabilities. On December 26, 2007, the recommendations of the ALJ were adopted and issued by the Commissioner of the NYSDHR. Plaintiff was advised of her right to appeal the order of the NYSDHR to the New York State Supreme Court.

On February 14, 2008, Plaintiff filed a petition, pursuant to Article 78 of the New York Civil Practice Law and Rules, appealing the NYSDHR decision. Shortly thereafter, on February 26, 2008, Plaintiff filed a Request for Judicial Intervention ("RJI") seeking review of the order of the NYSDHR pursuant to Section 298 of the New York State Executive Law. In a decision dated May 20, 2008, a Justice of the New York State Supreme Court dismissed Plaintiff's Article 78 petition for failure to join a necessary party. In addition to dismissing the petition, the State Court Justice ordered that the dismissal was with leave to renew upon service of an amended petition upon the Division of Human Rights and the Riverhead Nursing Home. Plaintiff, who was represented by counsel throughout the State Court proceedings, took no further action in the state court. More specifically, Plaintiff never pursued the right to serve the parties designated by the Supreme Court, or to file an amended petition. On April 1, 2008, the EEOC dismissed

Plaintiff's complaint based upon the findings of the NYSDHR and issued a "right to sue" letter. On July 1, 2008, Plaintiff filed this lawsuit.

II.   The Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint on several grounds. All claims alleging age and gender discrimination in violation of the ADEA and Title VII are sought to be dismissed for failure to exhaust administrative remedies. Defendant bases this branch of the motion on the ground that Plaintiff's administrative proceeding alleged only discrimination based upon disability. Plaintiff's state law claims are sought to be dismissed as time barred. Finally, Plaintiff's ADA claims are sought to be dismissed on the ground of res judicata. After outlining relevant legal principles, the court will turn to the merits of the motion.[1]

## DISCUSSION

I.   Standard for Motions to Dismiss Pursuant to Rule 12(b)(6)

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim of relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading,"

---

[1] Defendant's motion also sought dismissal of Plaintiff's sixth and seventh causes of action alleging state law claims of intentional and negligent infliction of emotional harm. Plaintiff has stipulated to dismissal of these claims.

4

but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true, and draw inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852*2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

II.  The Motion to Dismiss the Title VII and ADEA Gender and Age Claims

Defendant moves to dismiss Plaintiff's claims of gender and age discrimination on the ground that no such claims were made before the NYSDHR, and the claims are therefore barred by the failure to exhaust administrative remedies. It is clear that a plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC, or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. 2000e-5(e) (Title VII); see 29 U.S.C. § 626(d), 633(b) (ADEA); see Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001). Jurisdiction exists over such claims only if they have been included in an administrative charge or are 'reasonably related'

thereto. Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir.1993); Alfano v. Costello, 294 F.3d 365, 281 (2d Cir. 2002); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1208 (2d Cir.1993) (ADEA). A claim raised for the first time in the district court will be deemed to be "reasonably related" to allegations in an administrative charge "where the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge of discrimination." Butts, 990 F.2d at 1402 (internal quotation omitted). The issue of whether claims are reasonably related focuses on the factual allegations made in the administrative complaint. White v. New York City Dep't. of Education, 2008 WL 4507614 *3 (E.D.N.Y. 2008).

There is no question but that Plaintiff's administrative complaint was limited solely to complaints based upon disability discrimination. Plaintiff claimed both a failure to accommodate and wrongful termination based upon her disabilities. The administrative complaint, bearing the title "ADA" states, in its introductory paragraph, that Plaintiff makes her charge of discrimination "because of disability." The specific claim alleges only discrimination based only upon Plaintiff's allergies, heart condition and a lumbar spine disability. Plaintiff participated in several days of hearings focused only upon allegations of disability discrimination. The detailed opinion of the ALJ is based solely and completely on the claim of disability discrimination. Had Plaintiff intended to raise any other claim, she had ample opportunity to do so. She did not. Indeed, Plaintiff never even hinted before the state agency that her claims were anything other than claims of disability discrimination. Under these circumstances, it cannot be said that Plaintiff's claims of gender and age discrimination are reasonably related to her claims of disability discrimination. As such, all claims of gender and age discrimination pursuant to Title

VII and the ADEA are barred for failure to exhaust administrative remedies. Cf. White, 2008 WL 4507614 *3 (charges of racial discrimination and gender discrimination held not to be reasonably related); Santiago v. Rapid Armored Corp., 2006 WL 930543 *3 (E.D.N.Y. 2006) (claim of national origin discrimination held not reasonably related to claim of gender discrimination).

III. The Motion to Dismiss the State Claims of Gender and Age Discrimination

Defendant moves to dismiss the state law claims of gender and age discrimination, which are not barred by the court's ruling above regarding exhaustion of remedies, on the ground that they are time barred. The court agrees. All claims set forth in Plaintiff's complaint occurred, at the latest by October of 2003. This action was not commenced until 2008, more than three years after the last claimed act of discrimination. As such, the claims are dismissed as untimely. See Quinn v. Green Tree Credit, 159 F.3d 759, 765 (2d Cir. 1998).

In view of the fact that Plaintiff never raised claims of gender or age discrimination before the NYSDHR, the court rejects Plaintiff's argument that ongoing administrative proceedings toll the statute of limitations. Where, as here, Plaintiff's claims were never even presented to the agency, no toll can apply. See Pan American World Airways, Inc. v. New York State Human Rights Appeal Board, 61 N.Y.2d 542, 549 (1984); see Collier v. Boymelgreen Developers, 2008 WL 835706 *9-10 (E.D.N.Y. 2008). Moreover, even if Plaintiff did assert her state law claims before the agency, which she did not, those claims would be barred here due to the election of remedies provision of the New York State Human Rights Law. See N.Y. Exec. L. §297(9); Whidbee v. Garzarelli Food Specialists, Inc., 223 F.3d 62, 75 (2d Cir. 2000); Napoletano v. Damianos Realty Group, 2007 WL 1160411 *6 (E.D.N.Y. 2007).

7

IV. The Motion to Dismiss the ADA Claim

Defendant moves to dismiss Plaintiff's claims of disability discrimination on the ground that the agency finding, which was appealed to the New York State Supreme Court, is entitled to res judicata effect. As noted, Plaintiff lost her claim of disability discrimination before the NYSDHR. She thereafter commenced an Article 78 proceeding in the state court system. That proceeding was dismissed for failure to join an indispensable party. Although Plaintiff was granted leave to renew her Article 78 petition upon joining of the proper parties, she never did so. Instead, she opted to commence this federal action.

Neither party claims that an unreviewed NYSDHR finding is entitled to res judicata effect, precluding this action. Such a holding would be contrary to clear precedent. See University of Tennessee v. Elliot, 478 U.S. 788, 795-96 (1986); Greenburg v. New York City Transit Authority, 336 F. Supp.2d 225, 243 (E.D.N.Y. 2004). Instead, Defendants argue that the dismissal of the Article 78 proceeding, and Plaintiff's abandonment of the invitation to name the proper parties, constitutes a state court judgment on the merits entitled to full res judicata effect. Plaintiff, on the other hand, argues that dismissal for failure to name an indispensable party cannot constitute a decision on the merits, and is therefore not entitled to res judicata effect in this court.

28 U.S.C. §1738 requires federal courts to give the same preclusive effect to judgments as would be given in the courts of the state rendering the judgment. Thus, the federal court must look to the preclusive effect that the state court would give a judgment to determine whether it bars a subsequent federal proceeding on res judicata grounds. Bray v. New York Life Ins. Co., 851 F.2d 60, 63 (2d Cir. 1988). This issue then is whether the courts of the State of New York

would afford the dismissal in this case res judicata effect.

The starting point in this analysis is the decision of the United States Supreme Court in Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982). Plaintiff in Kremer, like the Plaintiff here, failed to prevail upon a claim of discrimination before the NYSDHR. The Kremer plaintiff appealed the adverse agency ruling to the Appellate Division of the New York State Supreme Court, and that Court affirmed the finding of no discrimination. Kremer thereafter attempted to commence a federal action alleging discrimination. Affirming the dismissal of Kremer's federal action on the ground of res judicata, the United States Supreme Court held that Title VII creates no exception to the general requirement of 28 U.S.C. §1738, requiring federal courts to give the same preclusive effect to state court judgment as the courts of the state. Kremer, 456 U.S. at 476-77. Because New York State would give the judicial affirmance of the agency finding res judicata effect, the Court in Kremer held that the state court judgment affirming the agency finding of no discrimination precluded Kremer from bringing a Federal Title VII discrimination action.

In Bray v. New York Life Ins. Co., 851 F.2d 60 (2d Cir. 1988), the Second Circuit Court of Appeals applied Kremer to bar a federal discrimination action following a state court determination dismissing plaintiff's claim on statute of limitations grounds. Plaintiff in Bray, like Plaintiff here, appealed an adverse agency determination to the state court. That appeal was dismissed on the ground that plaintiff failed to commence the state court proceeding in a timely manner, and also failed to properly serve the parties to the appeal. See Bray, 851 F.2d at 62. When determining whether the state court dismissal precluded the federal action, the Second Circuit focused not on whether there was judicial review of the facts underlying the

9

administrative decision, but whether the courts of the State of New York would construe the dismissal on statute of limitations grounds as a dismissal "on the merits," entitling that dismissal to res judicata effect. Bray, 851 F.2d at 63-64. Concluding that New York courts would consider the dismissal as on the merits, the Second Circuit affirmed the dismissal of plaintiff's federal action on res judicata grounds. Id. at 64; see also Kirkland v. City of Peekskill, 828 F.2d 104, 109 (2d Cir. 1987). Although the court was reluctant to dismiss Bray's case without having a court review the merits of her claim, the Second Circuit commented that the "crucial factor" was that the plaintiff chose to submit her claim to the state court for review. Id. (quoting, Sinicropi v. Nassau County, 601 F.2d 60, 62 (2d Cir. 1979)). The Second Circuit then concluded that "[o]nce a plaintiff has entered the state court system, she is bound by the preclusion rules governing that system and the federal courts in turn must respect the finality of judgments that issue from the state court." Id.

Relying upon Bray, two district courts have dismissed claims very similar to those raised here. In Norris v. P.S. Elliot, Inc., 2006 WL 2472121 (W.D.N.Y. 2006), plaintiff's proceeding before the NYSDHR resulted in an agency determination of no discrimination. Plaintiff thereafter filed an RJI in New York Supreme Court, along with a request to proceed in forma pauperis. The state court denied plaintiff's motion, and instructed him to file a proper petition. After defendant filed a motion to dismiss, the New York State Court conducted hearings and granted plaintiff extensions of time in which to properly file his petition. When plaintiff failed to comply, the State Court dismissed plaintiff's complaint for failure to comply with the court's directives. Norris, 2006 WL 2472121 *2. Plaintiff in Norris thereafter commenced an employment discrimination action in federal court, and defendant moved to dismiss on res

judicata grounds. Construing the state court dismissal as a failure to prosecute, to which the courts of the State of New York would afford res judicata effect, the district court granted the motion to dismiss. Norris, 2006 WL 2472121 *4.

A similar result was reached by the court in Peavey v. Polytechnic Inst. of New York, 768 F. Supp. 35 (E.D.N.Y. 1990). There, plaintiff's appeal to the state court of the adverse determination before the NYSDHR was dismissed for failure to prosecute. Plaintiff's subsequent federal court employment discrimination action was thereafter dismissed on the ground of res judicata. Peavey, 768 F. Supp. at 36-37. Like the court in Norris, the Peavey court held that because the courts of the State of New York construe a dismissal for failure to prosecute as a decision on the merits, entitled to preclusive effect, the federal action was barred. Id. at 37; see also Walsh v. City of Auburn, 942 F. Supp. 788, 796 (N.D.N.Y. 1996) (noting that New York courts give preclusive effect to dismissals on the grounds of statute of limitations and failure to serve a necessary party). While the Second Circuit has yet to rule on the precise issue here, the court holds that the dismissal here would be construed as "on the merits," and therefore entitled to preclusive effect.

The facts here are similar to a dismissal for a failure to prosecute, as described in Norris and Peavey and less like the case of Ortiz v. Trustees of Columbia University, 1999 WL 126448 (S.D.N.Y. 1999), upon which Plaintiff heavily relies. In Ortiz, the district court declined to dismiss a federal employment discrimination case on the ground of res judicata, despite the dismissal of Plaintiff's appeal of an administrative decision to the state court. The difference between the state court dismissals in Norris and Peavey, and that in Ortiz, however, is that the Ortiz decision was not interpreted as analogous to dismissal for failure to prosecute, but as a

11

dismissal of a claim that was never presented to the administrative agency. Ortiz, 1999 WL 126448 *1. Distinguishing Second Circuit precedent holding that dismissal on statute of limitation grounds is entitled to res judicata effect, as opposed to a case of dismissal because there "is nothing to review," the court in Ortiz declined to dismiss the federal complaint. Ortiz, 1999 WL 126448 *4. This court has reviewed and considered Ortiz, and finds the facts there to be sufficiently distinguishable as to make the case less than persuasive.

Finally, the court rejects as inapposite those cases cited by Plaintiff relying on Rule 41 of the Federal Rules of Civil Procedure. E.g., Semtek Internat'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). It is clear that New York law applies to the issue of the res judicata effect to be given to state court judgments, and not federal law. See Kremer, 456 U.S. at 466-67.

Having commenced the state court judicial review process, represented by counsel, Plaintiff was given the opportunity to properly pursue that remedy. Her failure to do so in the face of the state court's invitation to correct her error is tantamount to abandonment of the state proceeding. As such, the remaining claim of disability discrimination must be dismissed on the ground of res judicata. Like the court in Bray, the court notes the harsh result of preclusion in the absence of full state court review. The court recognizes, however, that it is the fault of the Plaintiff that such review did not take place. As in Bray, Plaintiff chose to submit her claim to the state court for review. Her disenchantment with the state court's decision does not entitle her, or this court, to ignore principles of res judicata requiring dismissal.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss.

12

The Clerk of the Court is directed to terminate the motion to dismiss and to close the file in this matter.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 15, 2009